**NSTAR ELECTRIC & GAS CORPORATION,**
Petitioner,

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent,**

**PG & E ENERGY TRADING–POWER, L.P., et al., Intervenors.**

No. 02–1047.

United States Court of Appeals, District of Columbia Circuit.

April 28, 2003.

Before: EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from Federal Energy Regulatory Commission and on the briefs filed by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the petition for review is granted, the Commission's orders are vacated, and the case is remanded to the Commission.

NSTAR Electric & Gas Corporation petitions for review of Commission orders granting the New England ISO waivers of the rate-filing requirement in Section 205(d) of the Federal Power Act, 16 U.S.C. § 824d(d), and refusing to require the New England ISO to pay NSTAR refunds for payments made in excess of the filed rates. NSTAR seeks review of the Commission's original order, *Mirant Americas Energy*

*Mktg., L.P.,* 96 F.E.R.C. ¶ 61,201, 2001 WL 34076566 (Aug. 10, 2001); the Commission's order granting NSTAR's request for clarification, *Mirant Americas Energy Mktg., L.P.,* 97 F.E.R.C. ¶ 61,108, 2001 WL 1326461 (Oct. 26, 2001); and the Commission's order denying NSTAR's further request for clarification, *Mirant Americas Energy Mktg., L.P.,* 97 F.E.R.C. ¶ 61,360, 2001 WL 1638782 (Dec. 21, 2001).

Section 205(d) provides that public utilities must give notice to the Commission sixty days before implementing rate changes unless the Commission waives the sixty days' notice "for good cause shown." 16 U.S.C. § 824d(d). In *Central Hudson,* the Commission stated that it would generally find good cause to justify a waiver for "filings that increase rates when the rate change and the effective date are prescribed by" a contract already on file with the Commission because, "[i]n [those] instances, there is a contractual commitment as to the effective date which the Commission has already accepted." 60 F.E.R.C. ¶ 61,106, at 61,338, 1992 WL 187771 (1992). Market Rule 17 does not set forth rate changes or effective dates; instead, it permits the New England ISO to enter into mitigation contracts, the terms of which are to be determined by the New England ISO. Therefore the Commission's citation to *Central Hudson* neither explained, nor in itself supported, the Commission's waiver decision. *Cf. Exxon Corp. v. FERC,* 206 F.3d 47, 53 (D.C.Cir.2000). As to the refusal to order refunds, the Commission offered no rationale for its decision other than that it has granted waivers to the New England ISO.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.